UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
**Alexandria Division**

| | |
|---|---|
| MARCI SEELY, an individual;<br><br>   Plaintiffs,<br> v.<br><br>\<zow.com\>, a domain name;<br><br>   Defendant. | Case No.: 1:22-cv-01072 |

# COMPLAINT FOR IN REM RELIEF

Plaintiff Marci Seely ("Seely") brings this complaint against the registrant of the *res* domain name \<zow.com\> and alleges as follows:

## NATURE OF THE ACTION

1. This an *in rem* action under the Anticybersquatting Consumer Protection Act (ACPA), 15 U.S.C. § 1125(d), for injunctive relief and other relief in relation to the bad faith registration and use of the domain name \<zow.com\> (the "Disputed Domain"), which infringes upon Plaintiff's distinctive ZOW common law trademark.

2. Additional *in rem* claim for conversion is also brought.

## THE PARTIES

3. Plaintiff Seely is a resident of California.

4. *Res*-Defendant <zow.com> is an Internet domain name which, according to records in the WHOIS database of domain name registrations attached hereto as **Exhibit A**, is currently registered under a privacy guard which is shielding the identity of the true party at interest.

5. On information and belief, the registrar for the Disputed Domain is Alibaba.com Singapore e-Commerce Private Limited, with its principal place of business in the Republic of Singapore.

6. On information and belief, the registry for the .com gTLD <zow.com> is VeriSign, Inc. D/B/A Public Interest Registry, with its principal place of business in Alexandria, Virginia.

## JURISDICTION AND VENUE

7. This action arises, *inter alia,* under Section 2201 of the Judicial Code, 28 U.S.C. § 2201, and Sections 32 and 43 of the Lanham Act, 15 U.S.C. §§ 1114 and 1125.

8. This Court has subject matter jurisdiction over this action pursuant to Section 39(a) of the Lanham Act, 15 U.S.C. § 1121(a), and Sections 1131 (federal question jurisdiction) and 1338(a) (trademark infringement) of the Judicial Code, 28 U.S.C. § 1331 and 1338(a).

9. Venue is proper in this District pursuant to 28 U.S.C. § 1139(b)(2) and 15 U.S.C. §1125(d)(2)(C) because the cause of action arises in this District and the *res* (i.e. the Disputed Domain) that is subject to this action, is maintained by a registry, Public Interest Registry, within the boundaries of this District, and which has its *situs* within this District.

10. This Court has *in rem* jurisdiction over the Disputed Domain pursuant to 15 U.S.C. § 1125(d)(2), 28 U.S.C. § 1655 and interpretive case law. Plaintiff is informed and believes, and therefore alleges, that this Court lacks *in personam* jurisdiction over the Registrant of the Disputed Domain, who would have been the defendant in a civil action pursuant to 15

U.S.C. § 1125(d)(l). On information and belief, Registrant does not have the requisite contacts for this Court to establish *in personam* jurisdiction over the Registrant.

11. The Disputed Domain was stolen from Plaintiff and registered in Singapore, in violation of Plaintiffs' rights at common law, statute, and in its ZOW trademark (the "Mark"), which is protected under 15 U.S.C. §§ 1125(a).

## FACTUAL BACKGROUND

12. Plaintiff has been the owner of the Disputed Domain <zow.com> since it was originally created in 1996, when the Internet was in its infancy, as manifest by the WhoIs history report attached hereto as **Exhibit B** which chronicles the history of the ownership of the Disputed Domain.

13. Since registering the Disputed Domain, Plaintiff has continuously resolved the Disputed Domain to a website providing information related to Plaintiff's printing, email and graphic design services using the mark ZOW. Various screenshots of past versions of Plaintiff's website are collectively attached hereto as **Exhibit C**.

14. Over the course of twenty-six years, through Plaintiff's continued use and promotion, the Mark has become distinctive throughout the United States and the world in connection with Plaintiff's services. Internet users and tourists have come to distinguish and recognize the legitimacy of Plaintiff's services as a result of this use and promotion; and, as so, Plaintiff's mark is entitled to common law trademark rights.

15. Plaintiff registered the Disputed Domain for use a trademark in connection with printing and graphic services in, or about, 1996.  In 1996, Plaintiffs' began using the Disputed Domain and the ZOW trademark, to market Plaintiff's services. Various miscellaneous materials evidencing the continuous uninterrupted use by the Plaintiff of the Disputed

Domain for more than twenty years are attached hereto as **Exhibit D**. These materials show the Plaintiff's use of the common law Mark throughout the life of the Disputed Domain, including business filings, marketing on shirts, SEC filings, mail, purchase receipts and emails of individuals using the Disputed Domain.

16. All of this evidence bears witness to the notoriety and secondary meaning Plaintiff has developed in the Mark since the Internet was created.

17. Plaintiff has spent tens of thousands of dollars on graphic design, email and printing services.

18. Plaintiffs' website became very popular among Internet users.  These users have come to associate the Plaintiff with the Mark.

19. Evidence attached hereto as **Exhibit E** shows Plaintiff had paid for the registration of the Disputed Domain through April of 2023.

20. In September of 2021, a hacker, who Plaintiff presumes was somehow using a stolen username and password successfully "hacked" Plaintiff's registration account and set up a security pin locking Plaintiff out of the account.

21. Between September and December of 2021, upon information and belief, this hacker apparently changed the primary email address then subsequently put a privacy service on the registration of the Disputed Domain to hide the fact the hacker had converted it.

22. This hacker used Plaintiff's altered primary email address to facilitate a transfer of the Disputed Domain to a registrar in Singapore. The domain was transferred on, or about, December 3, 2021.

23. Plaintiff is unaware entirely of how the hacker gained access to the Disputed Domain, or who the identity of the hacker is, but believes the transfer must have been commenced by somebody hacking Plaintiff's registration account.

24. Upon learning of the theft, Plaintiff promptly contacted various registrars to attempt to recover the Disputed Domain, and was informed Plaintiff should seek redress from a legal authority on the matter.

25. Plaintiff has been unable to reverse the transfer.  The Registrar refuses to help the Plaintiff.  Plaintiff now stands to lose overnight all control of the Disputed Domain along with the Plaintiff's entire investment in the Disputed Domain, which has substantial value.

*Registrant's Bad Faith Registration and Use of the Disputed Domain*

26. The Disputed Domain incorporates the entirety of Plaintiff's Mark.  Confusingly similarity is self evident.

27. Upon information and belief, the Disputed Domain was registered for the purpose of misappropriating Plaintiff's goodwill in the Disputed Domain and obtaining Internet traffic from visitors who intended to visit Plaintiff by searching for Plaintiff's Mark in search engines and/or for the purpose of selling the Disputed Domain after expiration of a predetermined period of time.

28. The registration of the Disputed Domain is without authorization from Plaintiff and consequently in bad faith.

29. Upon information and belief, the Disputed Domain does not and cannot reflect the legal name of the Registrant. Upon information and belief, the Registrant of the Disputed Domain has not engaged in bona fide noncommercial use or fair use of the <zow.com> domain name.

30. Upon information and belief, the Registrant of the <zow.com> domain name was aware of Plaintiff's Mark prior to its acquisition of the Disputed Domain, and it was this awareness which motivated the hacker/Registrant to convert the Disputed Domain.

31. Upon information and belief, Registrant registered the Disputed Domain with the intent to divert Internet visitors away from Plaintiff, for commercial gain.

*Registrant's Knowledge of Plaintiff Is Evidence of Bad Faith*

32. The Registrant of the Disputed Domain acquired on, or about, December 3, 2021. Upon information and belief, Registrant was aware of the Plaintiff's Marks and the significant reputation of Plaintiff prior to the registration of the Disputed Domain. This is, in fact, the very reason Registrant acquired the Disputed Domain.

33. Registrant's knowledge of Plaintiff's Mark, and its use of the Mark, is evidence of Registrant's bad faith in selecting, acquiring, registering, and using the Disputed Domain.

34. Registrant's actions are likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Registrant with Plaintiff, or as to the origins, sponsorship, or approval of Registrant's Disputed Domain by Plaintiff, thereby causing loss, damage, and injury to Plaintiff. The extent of potential confusion among Internet visitors between Registrant's Disputed Domain and Plaintiff's Mark is substantial.

35. Registrant's use of the Disputed Domain does, and will likely continue to, falsely suggest a relationship between Registrant's Disputed Domain and Plaintiff's services. Such use is likely to cause a significant increase in the level of Registrant's web traffic due to Internet visitors' mistaken belief that Plaintiff is the source or sponsor of Registrant's Disputed Domain.

36. Registrant's use of the Disputed Domain is therefore likely to result in Registrant's trading off and benefiting from the goodwill associated with Plaintiff, resulting in ill-gotten gains by Registrant.

## FIRST CLAIM FOR RELIEF
### Anticybersquatting Consumer Protection Act (ACPA)

37. Plaintiff incorporates herein by reference each and every allegation in the preceding paragraphs of this complaint.

38. Plaintiff is the owner of the distinctive and famous Mark ZOW.

39. The Mark is distinctive of Plaintiff's services, for which it continuously has been used and registered, and were distinctive since at least 1996 when the Disputed Domain was registered.

40. Registrant has no rights in Plaintiff's Mark nor the Disputed Domain.

41. Registrant's Disputed Domain is confusingly similar to Plaintiff's Mark.

42. Registrant has registered, trafficked in, used, and is using the Disputed Domain with the bad faith intent to profit from Plaintiff's Mark.

43. Registrant's actions constitute a violation of Lanham Act § 43(d), 15 U.S.C. § 1125(d).

44. Plaintiff has been, is now, and will continue to be, irreparably harmed by Registrant's aforementioned acts, and, unless enjoined by the Court. Registrant's unauthorized use of the Disputed Domain will continue, and there is no adequate remedy at law for the harm caused by Registrant's acts.

45. Upon information and belief, this Court lacks *in personam* jurisdiction over the Registrant, who would otherwise be the defendant in an action under 15 U.S.C. § 1125(d).

46. Because Plaintiff owns the exclusive rights to the Mark, and Registrant has no rights to it whatsoever, it is appropriate for this Court to declare that Plaintiff is the rightful owner of the Disputed Domain and order the prompt transfer of the Disputed Domain to Plaintiff.

## SECOND CLAIM FOR RELIEF
### Conversion

47. Plaintiff incorporates herein by reference each and every allegation in the preceding paragraphs of this complaint.

48. Plaintiff has property rights in and is the owner of the Disputed Domain.

49. Registrant has taken control of the Disputed Domain and is wrongfully exercising control and authority over the Disputed Domain.

50. The control and authority exercised by Registrant deprives Plaintiff of control and the income and business generated from the Disputed Domain.

51. Registrant is wrongfully exerting domino over Plaintiff's property in denial of Plaintiffs' rights.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court:

(a) declare, adjudge, and decree that Plaintiff is the sole legal and equitable owner of the Disputed Domain;

(b) direct that the Disputed Domain be transferred and registered to Plaintiff; and

(c) award such other and further relief that this Court may deem just and equitable.

DATED this the 21st day of September, 2022.

/s/ _____

        Steven Rinehart (VSB No. 81,738)
*Counsel for Plaintiffs*
110 S. Regent Street, Suite 200
Salt Lake City, UT 84111
Telephone: (801) 456-9728
Fax: (801) 665-1292
Mobile: (801) 347-5173
Email: steve@utahpatentattorneys.com

**CALIFORNIA JURAT**         **GOVERNMENT CODE § 8202**

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California

County of __Orange__

Subscribed and sworn to (or affirmed) before me on this __9th__ day of __September__, 20__22__, by

(1) __Marci Seely__

(and (2) _____ ),
Name(s) of Signer(s)

proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

Signature _____
Signature of Notary Public

MICHELLE LYNN JARVIS
Notary Public - California
Orange County
Commission # 2305264
My Comm. Expires Oct 12, 2023

Place Notary Seal and/or Stamp Above

———— OPTIONAL ————

*Completing this information can deter alteration of the document or fraudulent reattachment of this form to an unintended document.*

**Description of Attached Document**

Title or Type of Document: __Complaint for In Rem Relief__

Document Date: _____  Number of Pages: _____

Signer(s) Other Than Named Above: _____

©2019 National Notary Association

EXECUTED this the 27rd day of August, 2022.

_____
Marci Seely
*Plaintiff*